Mary Ann GUNTHER, Plaintiff,

v.

May DINGER, Linda Thompson, also known as Linda Dinger, Frank Dinger, August G. Dinger, Jr., and William Ryan, Defendants.

No. 81 Civ. 6985 WCC.

United States District Court,
S. D. New York.

April 30, 1982.

Short & Billy, New York City, for plaintiff; Skip Short, New York City, of counsel.

Gulino & Seigel, May Dinger, Linda Thompson, also known as Linda Dinger, and August G. Dinger, Jr., Staten Island, N. Y., for defendants; John P. Gulino, Staten Island, N. Y., of counsel.

Cawse & Perry, Staten Island, N. Y., for defendant Frank Dinger; Alfred J. Cawse, Staten Island, N. Y., of counsel.

Samuel M. Sprafkin, New York City, for defendant William Ryan.

## OPINION AND ORDER

CONNER, District Judge:

This action arises out of the administration of the estate of August G. Dinger, Sr. Plaintiff, a daughter and heir of the deceased, claims that defendants—who include .the widow of August G. Dinger, Sr. (May Dinger), three other children of the deceased (Linda Thompson, Frank Dinger and August G. Dinger, Jr.) and the appraiser of the property of the estate (William Ryan)—have engaged in a pattern of conduct constituting fraud upon the estate, including conversion of estate assets to the benefit of the individual defendants. The complaint alleges the perpetration of this fraud by means of certain securities transactions as well as the use of the mails and interstate telephone lines. Plaintiff alleges violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), as well as various state law claims.

Presently before the Court are motions by defendants to dismiss the complaint pursuant to Rule 12(b), F.R.Civ.P. For the following reasons the motions are denied.

First, defendants contend that this Court lacks subject matter jurisdiction over plaintiff's claims. The argument is frivolous. Title 28 U.S.C. § 1331 provides for the jurisdiction of this Court over claims arising under the laws of the United States. RICO and the federal securities laws are laws of the United States, and thus this Court has jurisdiction over plaintiff's claims thereunder. Plaintiff's state law claims are properly before this Court pursuant to this Court's pendent jurisdiction. See *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Second, defendants contend that plaintiff may not prosecute her claims in this Court without first exhausting state judicial remedies. The argument is frivolous on its face.

Third, defendants contend that this action should be dismissed or stayed pending the completion of the state probate proceedings where plaintiff has made many of the same allegations set forth in her complaint in this action. Apparently plaintiff has raised these charges before the Surrogate's Court in connection with an application to replace the estate fiduciaries. No sound reason appears why the resolution of that application should supplant or precede the prosecution of the independent claims advanced by plaintiff in this lawsuit.

Fourth, defendants contend that a mere sale of stock in an estate is not an activity prohibited by the federal securities laws. The relevance of that argument is not apparent since the complaint in this action alleges not merely a sale of stock and not merely unwise decisions as to such transactions, but rather alleges in no uncertain terms *fraud* in connection with such sales.

Fifth, defendants contend that since RICO was enacted as a means of combatting organized crime, plaintiff's failure to plead defendants' involvement in organized crime is fatal to her RICO claim. Defendants are wrong. See, *e.g., United States v. Aleman,* 609 F.2d 298, 303 (7th Cir. 1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Campanale,* 518 F.2d 352, 363 (9th Cir.), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1975); *Engl v. Berg,* 511 F.Supp. 1146, 1155 (E.D.Pa.1981); *Parnes v. Heinold Commodities, Inc.,* 487 F.Supp. 645, 646 (N.D.Ill.1980); *United States v. Chovanec,* 467 F.Supp. 41, 45 (S.D.N.Y.1979).

Sixth, defendants contend that plaintiff's claim fails to satisfy the "enterprise" element of RICO in that an estate is not an "enterprise." Title 18 U.S.C. § 1962 provides in relevant part:

"(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

"(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."

In turn, 18 U.S.C. § 1961(4) defines "enterprise" as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." In *United States v. Angelilli,* 660 F.2d 23 (2d Cir. 1981), the Court of Appeals held that governmental units such as the New York City Civil Court may be "enterprises" within the meaning of RICO. The court found that the definition of an enterprise to include any legal entity or group is purposely broad. No reason appears why this reasoning should not extend to include an estate within RICO's definition of an enterprise.

Seventh, the defendant Ryan argues that no impropriety or culpable conduct is alleged against him. Ryan is referred to paragraphs 80–86 of the complaint, which allege that Ryan destroyed accurate appraisals of estate property and substituted fraudulent appraisals for the purpose of justifying the transfer of estate property at deflated prices, and paragraphs 111–112 of the complaint, which allege that Ryan fraudulently converted assets of the estate for his own benefit. This is impropriety enough.

Accordingly, defendants' motions to dismiss are denied. A pretrial conference will be held on May 21 at 9:30 A.M. in Room 608.

SO ORDERED.