300 F.3d 1208
 Harvey Frank ROBBINS, Plaintiff-Appellant,
v.
Charles WILKIE, Joe Vessels, Darrell Barnes, Teryl Shryack, Patrick Merrill, David Stimson, Michael Miller, Gene Leone, and John Does 1 through 20, Defendants-Appellees.
 No. 01-8037.
 United States Court of Appeals, Tenth Circuit.
 August 21, 2002.
 
 Marc R. Stimpert (Karen Budd-Falen with him on the briefs) of Budd-Falen Law Offices, P.C., Cheyenne, WY, for Plaintiff-Appellant.
 Thomas D. Roberts, Assistant United States Attorney (Matthew H. Mead, United States Attorney, with him on the brief), Office of the United States Attorney for the District of Wyoming, Cheyenne, WY, for Defendants-Appellees.
 Before EBEL and McKAY, Circuit Judges, and SAM,* Senior District Judge.
 McKAY, Circuit Judge.
 
 
 1
 Appellant Robbins appeals the District of Wyoming's grant of Defendants' Rule 12(b)(6) Motion to Dismiss Appellant's RICO and Bivens claims. We review a Rule 12(b)(6) dismissal de novo, accepting as true all allegations in the complaint and construing them in a manner favorable to the non-moving party. Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir.2001).
 
 I. Background
 
 2
 Appellant owns real property, Bureau of Land Management preference rights, and livestock grazing permits. As owner of the High Island Ranch, Appellant operates a guest ranching operation in conjunction with his cattle ranching activities. Before Appellant purchased the ranch in 1994, his predecessor-in-interest granted a non-exclusive easement to the BLM. However, the BLM failed to properly record the easement and Appellant was unaware of its existence at the time of purchase. Thus, when Appellant recorded his title to the ranch, the BLM's easement was extinguished.
 
 
 3
 Appellant alleges that BLM employees indulged in various forms of extortion in an attempt to force Appellant to re-grant the easement BLM had lost. He also alleges that Defendants conspired to bring criminal charges they knew were without merit against him. Appellant was acquitted of the criminal charges after a jury trial. He also alleges that one of the Defendants threatened to cancel Appellant's right-of-way across BLM land. Without this right-of-way, Appellant would experience significant difficulties operating his guest ranch.
 
 
 4
 Appellant brought RICO and Bivens claims against Defendants. The district court granted Defendants' Rule 12(b)(6) motion on Appellant's RICO claims based on its holding that Appellant failed to adequately plead damages. The court also dismissed Appellant's Bivens claim pursuant to Rule 12(b)(6) holding that other available remedies precluded that claim. Because the court held that Appellant was without standing to bring a RICO claim and had not made a cognizable Bivens claim, it failed to reach the issue of qualified immunity. However, it opined that it was "inclined to believe that the Defendants" were protected by qualified immunity. Aplt.App. at 118.
 
 
 5
 In reviewing a district court's grant of a Rule 12(b)(6) motion, "all well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). We recognize that "[t]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." Cottrell, Ltd. v. Biotrol Int'l, Inc., 191 F.3d 1248, 1251 (10th Cir.1999) (quotation omitted).
 
 II. RICO claim
 
 6
 To successfully state a RICO claim, a plaintiff must allege four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); BancOklahoma Mortgage Corp. v. Capital Title Co. Inc., 194 F.3d 1089, 1100 (10th Cir.1999). The district court specifically held that for purposes of a Rule 12(b)(6) motion Appellant sufficiently pled all four RICO elements.
 
 
 7
 However, the district court granted Defendants' Rule 12(b)(6) motion on Appellant's RICO claim based on Appellant's failure to prove standing. Plaintiffs who bring civil RICO claims pursuant to 18 U.S.C. § 1962 must show damage to their business or property as a result of defendants' conduct. See Sedima, 473 U.S. at 496 (RICO plaintiff only has standing if "he has been injured in his business or property by the conduct constituting the violation"). Because Appellant failed to allege any tangible harm to his business or property, the district court held his RICO claim "nonviable." Aplt.App. at 116.
 
 
 8
 We cannot agree with the district court that Appellant "absolutely failed to carry his burden of pleading any harm to business or property as a result of the alleged RICO violation." Id. There are several references to business or property damage which allegedly resulted from Defendants' activities. Examples include allegations that various Defendants took actions that adversely affected his business, caused resource damage, interfered with guest ranch operations, caused grievous economic injury, economic loss, and property damage. See id. at 33-34, 37, 48. Such allegations are sufficient to show standing, especially at this stage of the litigation.
 
 
 9
 In NOW v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994), the Supreme Court stated, "We have held that at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) In NOW, the plaintiffs alleged that the RICO conspiracy "ha[d] injured the [plaintiffs'] business and/or property interests...." Id. (internal quotations omitted). The Court concluded that "[n]othing more is needed to confer standing on [plaintiffs] at the pleading stage." Id.
 
 
 10
 Defendants insist that RICO plaintiffs must plead damages with particularity. Both Supreme Court precedent and the Federal Rules of Civil Procedure foreclose the adoption of Defendants' position. See id.; Fed.R.Civ.P. 8 (pleading requires short and plain statements meant to give notice to defendants); see also Michael Goldsmith, Judicial Immunity for White-Collar Crime: The Ironic Demise of Civil RICO, 30 Harv. J. on Legis. 1, 18-22 (1993) (criticizing several attempts at RICO reform through judicial revisionism including improper heightened pleading requirements). Defendants confuse the requirement to plead with particularity RICO acts predicated upon fraud pursuant to Rule 9(b) with Rule 8's more general notice pleading typically required of all litigants. See, e.g., Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 989-90 (10th Cir.1992) (predicate acts of mail fraud require heightened pleading pursuant to Rule 9(b)); Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir.1989) (Rule 9(b) requires particularity in pleading the predicate RICO acts of mail and wire fraud).
 
 
 11
 Following the direction of the Supreme Court, we hold that at the pleading stage of civil RICO actions, a plaintiff must plead damages to business or property in a manner consistent with Rule 8 to show standing and is not required to plead with the particularity required by Rule 9(b). See NOW, 510 U.S. at 256. Accordingly, we reverse the district court's grant of Defendants' Motion to Dismiss Appellant's RICO claim.
 
 III. Bivens claim
 
 12
 The district court granted Defendants' Motion to Dismiss Appellant's Bivens claim holding that the availability of remedies under the Administrative Procedures Act and the Federal Tort Claims Act precluded Appellant's Bivens cause of action. Aplt.App. at 117-18. Bivens claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
 
 
 13
 The Supreme Court has held that a plaintiff's ability to pursue a Bivens claim is precluded in two specific instances. See Carlson v. Green, 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Bivens claims are precluded when defendants can demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress," or when defendants can prove "that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." Id. (quotations omitted) (emphasis in original).
 
 
 14
 The district court's grant of Defendants' Motion to Dismiss is apparently predicated upon the second exception-the existence of alternative remedies that Congress has explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective. Specifically, the district court held that the APA and the FTCA precluded Appellant's Bivens claim. However, Appellant is not claiming injury resulting from agency action or an agency decision. Nor is Appellant claiming that Defendants violated his constitutional rights while implementing agency action. Appellant claims instead that the individual Defendants' intentional acts unrelated to any agency decision violated his constitutional rights.
 
 
 15
 The APA is the proper avenue for reviewing an agency's action or decision. If Appellant attempted to hold Defendants liable for alleged constitutional violations committed while reaching a final agency decision, a Bivens action would not be available. See, e.g., Schweiker v. Chilicky, 487 U.S. 412, 414, 429, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (Bivens action unavailable to contest alleged constitutional violations committed by individual agency employees in deciding to terminate Social Security disability benefits); Zephyr Aviation, L.L.C. v. Dailey, 247 F.3d 565, 572 (5th Cir.2001) ("[P]arties may not avoid administrative review simply by fashioning their attack on an [agency] decision as a constitutional tort claim against individual [agency] officers."); Nat. Commodity & Barter Ass'n v. Archer, 31 F.3d 1521, 1532 (10th Cir.1994) (Bivens claim unavailable for alleged constitutional violations of individual agency officers in making wrongful jeopardy tax assessments). However, the APA contains no remedy whatsoever for constitutional violations committed by individual federal employees unrelated to final agency action. Because Appellant cannot hold Defendants personally liable for allegedly violating his constitutional rights under the APA, the APA is an ineffective remedy. In this case, the APA does not preclude Appellant's Bivens claim.
 
 
 16
 The district court's reliance on Chilicky, supra, is unfounded. Chilicky is distinguishable because it involved a challenge to the method in which various officials implemented the Social Security Benefits Program for disabled individuals. In that case, the Supreme Court held that the proper remedy was the administrative appeals system. Chilicky, 487 U.S. at 423-29. The appeals system had been set up specifically to deal with a dispute over an individual's entitlement to disability benefits. See id. at 424-26.
 
 
 17
 Not all of Appellant's allegations serving as a basis for his Bivens claim involve individual action leading to final agency decisions reviewable pursuant to the APA. For example, Appellant's allegations that some Defendants denied him certain rights pursuant to his management plan is properly challenged in an administrative proceeding. Therefore, a Bivens claim for that particular allegation is precluded. However, several of Appellant's allegations of Defendants' intentional misconduct are unrelated to any final agency action and are therefore properly within the scope of a Bivens claim. See, e.g., Zephyr Aviation, 247 F.3d at 572-573 (recognizing potential of Bivens action for "extra-procedural and unconstitutional actions by FAA inspectors," while acknowledging that a Bivens action would be unavailable to challenge the FAA's attachment of condition notice to company's airplane); Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1158-59 (9th Cir.2000) (Reinhardt, J., concurring) (Bivens remedy not available when result of individual agency employees' constitutional violations is an erroneous tax assessment, but permitting Bivens remedy for First Amendment cases involving IRS harassment); Collins v. Bender, 195 F.3d 1076, 1079-80 (9th Cir.1999) (permitting Bivens action for improper search of plaintiff's home by individual government agents while recognizing that Bivens action generally unavailable for constitutional violations committed by agency employees in taking personnel actions pursuant to the Civil Service Reform Act).
 
 
 18
 Neither can Appellant's Bivens claim be precluded by potential claims under the FTCA. We have specifically held that the FTCA and a Bivens claim are alternative remedies.
 
 
 19
 When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a Bivens claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA. These are separate and distinct causes of action arising out of the same transaction.
 
 
 20
 Engle v. Mecke, 24 F.3d 133, 135 (10th Cir.1994) (citation omitted) (emphasis added). This statement is also consistent with Supreme Court holdings. "Plainly FTCA is not a sufficient protector of the citizens' constitutional rights, and without a clear congressional mandate we cannot hold that Congress relegated [plaintiffs] exclusively to the FTCA remedy." Carlson, 446 U.S. at 23. Thus, the existence of a potential FTCA claim is an insufficient basis for the district court to preclude Appellant's Bivens claim.
 
 
 21
 We hold that Appellant's allegations that Defendants violated his constitutional rights through conduct unrelated to final agency decisions appealable pursuant to the APA are sufficient to state a cognizable Bivens claim. Because some of Appellant's Bivens claims are not precluded by either the APA or the FTCA, we reverse the district court's grant of Defendants' Rule 12(b)(6) Motion to Dismiss Appellant's Bivens claim.
 
 IV. Conclusion
 
 22
 We REVERSE and REMAND to the district court for further disposition in a manner consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 Honorable David Sam, United States Senior District Judge for the District of Utah, sitting by designation