**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM R. MCCONAHA,

　　　　Plaintiff - Appellant,

v.

FEDERAL AVIATION
ADMINISTRATION,

　　　　Defendant - Appellee,

　　and

PLANETECHS, a limited liability
corporation,

　　　　Defendant.

No.　01-5186
D.C. No. 00-CV-793-P
(N.D. Oklahoma)

---

ORDER AND JUDGMENT　*

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

*　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff William R. McConaha appeals from the district court's order dismissing his claims against the defendant Federal Aviation Administration (FAA) for lack of subject matter jurisdiction.  Mr. McConaha settled his claims against his  former employer, Planetechs, L.L.C., an aircraft maintenance company.  We affirm.

The parties are familiar with the facts and we will not repeat them, except as necessary for our discussion.

The district court granted defendant's motion to dismiss holding that the United States and its agencies are immune from suit under the FTCA and Mr. McConaha had not properly alleged an action pursuant to       Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics    , 403 U.S. 388 (1971)  . The court denied Mr. McConaha's motion to amend his complaint       to add individual defendants, holding that,    under current Tenth Circuit law, amendment would be futile.

On appeal, Mr. McConaha argues that the federal court has jurisdiction to provide relief.  He reasserts that his property was taken without due process and

-2-

contends that the district court should have permitted him to amend his complaint to name the head of the FAA and its agent as party defendants .

"We review a dismissal for lack of subject-matter jurisdiction de novo, accepting the district court's findings of jurisdictional facts unless they are clearly erroneous." Montoya v. Chao , 296 F.3d 952, 954 -955 (10th Cir. 2002). We review the court's denial of a motion to amend a complaint for abuse of discretion. Scott v. Hern , 216 F.3d 897, 906 (10th Cir. 2000).

The district court correctly held that Mr. McConaha's complaint must be dismissed as originally presented. Mr. McConaha may only bring a damages claim against the United States under the FTCA. See 28 U.S.C. § 2679. However, the FTCA does not permit suits against the United States for damages when the act complained of is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." Id. § 2680(a). This court has held that a suit alleging damages based on the FAA's "authority to issue airman certificates was barred by the discretionary function exception to the FTCA." Redmon ex rel. Redmon v. United States , 934 F.2d 1151, 1157 (10th Cir. 1991). Further, Mr. McConaha did not exhaust his administrative remedies. See 28 U.S.C. §§ 2401(b), 2675(a); Duplan v. Harper , 188 F.3d 1195, 1199 (10th Cir.

1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Mr. McConaha specifically excluded the possibility that he was seeking review of the agency's actions under 49 U.S.C. § 46110 which requires that petitions seeking review of agency actions must be filed in the court of appeals. Lastly, Mr. McConaha cannot proceed under § 1983. See Wheeldin v. Wheeler, 373 U.S. 647, 649-50 & n.2 (1963).

Clearly the only possible cause of action which would provide the district court with jurisdiction over Mr. McConaha's claims would be a Bivens action against the individual defendants.

Therefore, we next examine whether such an amendment would be futile as the district court held. A Bivens action is *not* available for actions attempting to hold individual defendants liable for alleged constitutional violations they may have committed in the process of reaching a final agency decision. Robbins v. Wilkie, 300 F.3d 1208, 1212 (10th Cir. 2002); Nat'l Commodity & Barter Ass'n v. Archer, 31 F.3d 1521, 1532 (10th Cir. 1994); Zephyr Aviation, L.L.C. v. Dailey, 247 F.3d 565, 572 (5th Cir. 2001); Green v. Brantley, 981 F.2d 514, 521 (11th Cir. 1993).

However, a Bivens action may proceed if the wrongful acts plaintiff alleges are not part of the procedure of reaching a final agency decision. See, e.g.,

Robbins , 300 F.3d at 1212; Zephyr Aviation , 247 F.3d at 572-73; Collins v. Bender , 195 F.3d 1076, 1079-80 (9th Cir. 1999).

In his amended complaint, Mr. McConaha alleged that the FAA had "deprived Plaintiff of his rights of substantive due process under the Constitution of the United States in that Defendant F.A.A. deprived Plaintiff of his right to work after his license had been revoked." Aplt. App. at 34. Mr. McConaha, thus, was complaining of actions defendants took which were directly related to the final agency action . Amendment of his complaint would be futile.

Mr. McConaha cites to Mace v. Skinner, 34 F.3d 854 (9th Cir. 1994), to support his contention that he should be permitted to amend his complaint. However, even if Mace were controlling here, and it is not, see Garcia ex rel. Garcia v. Miera, 817 F.2d 650, 658 (10th Cir. 19 87), it would not help him. The Ninth Circuit permitted the plaintiff's action to proceed because (1) the plaintiff was seeking damages, a remedy not available on review of an agency action; (2) he was alleging "a broad challenge to the allegedly unconstitutional actions of the" agencies; *and* (3) "his complaint [wa]s not based on the merits of any particular revocation order." Mace, 34 F.3d at 858.

It is clear that even if Mr. McConaha were permitted to amend his complaint to add the individual defendants, he could not state a cognizable Bivens claim. The district court's dismissal of this action was proper, as was its denial

-5-

of his motion to amend his complaint.     See Foman v. Davis , 371 U.S. 178, 182

(1962) (court need not grant leave to amend, if amendment would be futile).

The judgment of the United States District Court for the Northern District

of Oklahoma is AFFIRMED.  Counsel's motion to withdraw is GRANTED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge