**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AD-X INTERNATIONAL, INC.;
ALL STATES MEDIA, INC.; ALL
STATES LEGAL REFERRAL
SERVICES, INC.; ALL STATES
CAPITAL CORPORATION;
LARRY MACPHALE,

      Plaintiffs-Appellants-
      Cross-Appellees,

v.

KENNETH E. KOLBJORNSEN;
HANNELORE S. KOLBJORNSEN,

      Defendants-Appellees-
      Cross-Appellants,

and

MICHAEL M. NOYES; THE LAW
OFFICES OF MICHAEL M. NOYES;
DAVID FOGEL; FOGEL &
BLUESTEIN; DONALD
MCNURLIN; MCNURLIN &
ASSOCIATES; MICHAEL
MERRION; THE OFFICES OF
MICHAEL MERRION, CPA; DOUG
ENGLER; DOUGLAS ENGLER,
P.C.; ANDREW SNYDER; THE
LAW FIRM OF ANDREW SNYDER;

Nos. 03-1192, 03-1219, 04-1033
(D.C. No. 99-D-332 (CBS))
(D. Colo.)

NATIONAL LAWYERS REFERRAL
NETWORK, INC.; LAWYERS
AMERICA, INC.,

     Defendants-Appellees.

---

## ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , Circuit Judge,   **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are

therefore ordered submitted without oral argument.

Plaintiffs filed this action for bankruptcy fraud, misrepresentation, and

racketeering against Kenneth and Hannelore Kolbjornsen, their now-defunct

corporations, and several legal and financial professionals who allegedly assisted

the Kolbjornsens in orchestrating and then concealing a pre-petition transfer of

assets intended to deprive the creditor plaintiffs of any recovery in a Chapter 13

proceeding filed by Mr. Kolbjornsen.  The district court dismissed the complaint

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

against the professional defendants, but plaintiffs went to trial and obtained a substantial money judgment against the Kolbjornsens. Plaintiffs now appeal (in No. 03-1192) the dismissal of their claim against the professional defendants under the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1962, 1964. The Kolbjornsens cross-appeal (in No. 03-1219) the judgment entered on the jury verdict against them. We affirm both rulings. [1]

## Plaintiffs' Appeal

The district court granted the professional defendants' motion to dismiss the RICO claim, concluding that the pertinent allegations lacked "the level of particularity required to state a claim for [] relief." Aplt. App., Doc. 8, at 144. Predicate acts of fraud for a RICO claim must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10 th Cir. 1989); *accord Lum v. Bank of Am.*, 361 F.3d 217, 220 (3d Cir. 2004). On de novo review, *Robbins v. Wilkie*, 300 F.3d 1208, 1209 (10 th Cir. 2002), we agree that the broad-brushed and conclusory allegations involving the professional defendants were deficient under Rule 9.

---

[1] The third appeal in the caption, No. 04-1033, was opened when plaintiffs filed a "Certificate of Compliance and Amendment to Notice of Appeal" to notify this court of the disposition of a post-trial motion filed after the other appeals were commenced. Plaintiffs have now moved to dismiss No. 04-1033, stating that they had mistakenly added the reference to an amended notice and "did not intend [to] . . . initiate a new appeal." We grant the motion.

Indeed, at the hearing on the motion to dismiss, plaintiffs' counsel repeatedly stated that the complaint was framed (inappropriately) in reference to the general notice pleading standards of Fed. R. Civ. P. 8, and now on appeal plaintiffs make virtually no effort to demonstrate how the pertinent allegations are sufficient under the proper legal standard applied by the district court. Instead, they focus on the district court's denial of their informal request to amend their complaint to correct its deficiencies. This line of attack, however, is foreclosed by circuit precedent.

Plaintiffs did not file a motion for leave to amend their complaint, much less detail the additional factual allegations they could provide to shore up their RICO claim against the professional defendants. Rather, at the hearing on the motion to dismiss, plaintiffs' counsel merely made a generic "offer that if additional allegations to supplement those [made] will satisfy the Court, we'd request the opportunity to do so." Aplt. App., Doc. 7, at 118. In the district court's view, it was "disingenuous" to make this belated provisional offer: "If [plaintiffs] really wanted to amend, the time to seek to amend would have been before today's hearing so that the Court would have had something else to look at [to] figure out if [plaintiffs] have more to say than what [they have] already said." *Id.* The district court's handling of the matter was appropriate under *Calderon v.*

*Kansas Department of Social & Rehabilitation Services*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).[2]

Plaintiffs focus much of their briefing on a motion they filed for relief under Fed. R. Civ. P. 60(b) after they appealed from the entry of final judgment incorporating the dismissal of the professional defendants and the subsequent verdict against the Kolbjornsens. The denial of the Rule 60(b) motion is beyond the scope of this appeal, which is limited to orders in existence when the notice of appeal was filed. *See, e.g.*, *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999); *Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997); *Nolan v. United States Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). In any event, our conclusion that the district court proceeded correctly on the motion to dismiss would undercut plaintiffs' claim that the court abused its discretion in denying their Rule 60(b) motion challenging that disposition.

### Kolbjornsens' Appeal

The Kolbjornsens appeal from the entry of judgment on the jury's award of compensatory and punitive damages against them on plaintiffs' RICO claims.

---

[2] Plaintiffs now assert they had a right to amend their pleadings, with or without leave of court, because some of the defendants had not yet answered the complaint. Even if that were true, they "failed to *exercise* their right to amend prior to the trial court's decision" and thereafter they "could have amended their complaint only by leave of court." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989) (emphasis altered).

They contend that the district court erred in instructing the jury regarding the "enterprise" and "person" elements of a RICO claim. *See* 18 U.S.C. § 1962(c) (making it unlawful "for any person" who is "associated with any enterprise" to conduct its affairs through a pattern of racketeering activity). Specifically, they argue that Kenneth Kolbjornsen's bankruptcy estate does not constitute a RICO enterprise and that, in any event, the estate lacks the requisite distinctness from the person (debtor Kenneth Kolbjornsen) who allegedly used it as a vehicle for racketeering activity. Neither of these contentions has merit.

In addition to individuals associated in fact, *any legal entity* may qualify as a RICO enterprise. *Id.* § 1961(4). Indeed, because the enterprise must be separate from the pattern of racketeering itself, *United States v. Turkette*, 452 U.S. 576, 583 (1981), and distinct from the person engaging in it, *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161-62 (2001), RICO requirements are most easily satisfied when the enterprise is a formal legal entity. *Bennett v. Berg*, 685 F.2d 1053, 1060 (8 th Cir. 1982), *adopted on reh'g en banc*, 710 F.2d 1361, 1363-64 (8th Cir. 1983); *see also United States v. Blinder*, 10 F.3d 1468, 1474 (9th Cir. 1993). A bankruptcy estate is clearly such an entity. The only published decision to address the matter had no difficulty concluding that a bankruptcy estate qualified as a RICO enterprise. *Handeen v. Lemaire*, 112 F.3d 1339, 1353

(8th Cir. 1997); *see also Gunther v. Dinger*, 547 F. Supp. 25, 27 (S.D.N.Y. 1982) (same conclusion as to probate estate). We agree.

Basically the same reasons undercut the Kolbjornsens' argument that the requisite distinction between "enterprise" and "person" was lacking here. They insist that a bankruptcy estate and debtor are legally indistinguishable. On the contrary, "the debtor and the bankruptcy estate are distinct entities in an individual's bankruptcy proceeding." *Katz v. Comm'r*, 335 F.3d 1121, 1127 (10th Cir. 2003). Indeed, the creation of the estate as a formal entity in its own right is the immediate consequence of filing a bankruptcy case. 11 U.S.C. § 541. Though speaking about a corporation rather than a bankruptcy estate, the Supreme Court's analysis of the RICO distinctiveness requirement in *Cedric Kushner Promotions* is instructive: "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status. And we can find nothing in the statute that requires more 'separatedness' than that." 533 U.S. at 163. As the facts here reflect, a debtor may "victimize" an estate or use it as a "vehicle" for unlawful activity directed at others just as an owner/employee may exploit his relationship with a corporation. *See id.* at 164. To paraphrase the Court, we conclude that "the statute requires nothing more than the formal legal distinction between [debtor] and [estate] that is present here." *Id.* at 165.

Appeal No. 04-1033 is DISMISSED on plaintiffs-appellants' own motion; the district court's order dismissing the claims against the professional defendants is AFFIRMED in appeal No. 03-1192; and the money judgment entered on the jury verdict in favor of the plaintiffs is AFFIRMED in appeal No. 03-1219.

Entered for the Court

Stephanie K. Seymour
Circuit Judge