**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EARL L. PAGEL,

     Plaintiff-Appellant,

  v.

WASHINGTON MUTUAL BANK,
INC., and LUNDBERG &
ASSOCIATES,

     Defendants-Appellees.

No. 05-4020
(D.C. No. 2:04-CV-684-DS)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TYMKOVICH, PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Earl L. Pagel, proceeding pro se, appeals the order entered by the district court dismissing his complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff is also appealing the district court's postjudgment rulings. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

In his complaint, plaintiff asserted a number of federal and state claims against defendants, alleging that they and/or their predecessors violated state and federal law in connection with proceedings that they initiated in state court to foreclose on real property that he owned in the State of Utah. As summarized by the district court, in response to motions to dismiss that were filed by defendants, plaintiff informed the district court "that his claims for fraud, conversion and violation of Utah's [Pattern of Unlawful] Activity Act are time-barred and must be dismissed," and plaintiff made "it clear that the only claims he [was] pursuing [were] the federal RICO statute claims and a claim for breach of contract." R., Vol. II, Doc. 22 at 1-2.

Having clarified what claims were before it, the district court then proceeded to dispose of plaintiff's claims and his postjudgment motions in three separate orders. First, in an order entered in November 2004, the court concluded that plaintiff failed to state a claim under the federal RICO statute, 18 U.S.C. § 1962(c), because he did not allege sufficient facts to establish that defendants were engaged in a "pattern of racketeering activity." As the court explained:

To successfully state a federal RICO claim, a plaintiff must allege four elements: "'(1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity.'" *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). . . .

. . . .

The "pattern" element "'requires the showing of a relationship between the predicate [racketeering acts] . . . and the threat of continuing activity'–that is, 'continuity plus relationship.'" *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993) [(quotation omitted)]. Plaintiff has failed to establish the pattern element. His complaint alleges only a single transaction, a single harm and a single victim–himself. Courts have held that when there is "only one purpose, one result, one set of participants, one victim and one method of commission," there is "no continuity and . . . no pattern of racketeering activity." *Meadow Limited Partnership v. Heritage Savings and Loan Association*, 639 F. Supp. 643[, 650] (E.D. Va. 1986) [(quotation omitted)]. This case is clearly not a RICO case.

R., Vol. II, Doc. 22 at 2-3.

In its November 2004 order, the district court also concluded that plaintiff had failed to state a claim against defendant Washington Mutual Bank, Inc. for breach of contract. The court analyzed the breach of contract claim as follows:

The only remaining claim is Washington Mutual's alleged breach of contract in failing to adhere to the 1993 Bankruptcy Court Order ("Order"). Here again Plaintiff has failed to state a claim for which relief may be granted. . . . [T]he Order is not a contract; it is a court ruling. Plaintiff's remedy, if he believed Defendant failed to comply with the Order, would have been to move the bankruptcy court to hold Defendant in contempt and compel Defendant's compliance with the Order. Plaintiff has no claim for breach of contract in this court based on Defendant [Washington Mutual's] alleged noncompliance with a bankruptcy court order.

*Id.* at 3.

Although the district court's analysis of the breach of contract claim was framed in terms of a failure to state a claim, we will treat the court's dismissal of the claim as a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as the court's ultimate conclusion was that plaintiff was pursuing the claim in the wrong court. Further, the court specifically stated that it was granting "Washington Mutual's Motion to Dismiss under Rules 12(b)(6) For Failure to State a Claim and 12(b)(1) for Lack of Subject Matter Jurisdiction . . . ." R., Vol. II, Doc. 22 at 3.

Second, in an order entered in January 2005, the district court denied plaintiff's motion for a rehearing. After concluding that it would treat the motion as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), the court rejected plaintiff's argument that it committed manifest error by "inadvertently overlook[ing an] amendment filed just prior to the court's ruling [on defendants' motions to dismiss] that would have cured pleading deficiencies." R., Vol. II, Doc. 24. According to the court, plaintiff's amended allegations still fell short because he was

> attempt[ing] to show a pattern of racketeering activity with broad,
> general statements, such as "Without proof [Washington Mutual] has
> completely overhauled the former Texas operations, it can only be
> presumed [Washington Mutual] continues to disobey court orders and
> clients' instructions as prescribed," and "[Lundberg & Associates]
> maintained a policy of undermining clients' Chapter 13 filings to

-4-

explicitly foreclose on clients' real estate, for which Plaintiff will provide impeccable testimony at trial." These statements of opinion, without any specific factual allegations, are insufficient to establish a RICO pattern.

*Id.*, Doc. 36 at 3 (quoting *id.*, Doc. 21 at 9).

Finally, in an order entered in February 2005, the district court denied two additional postjudgment motions that plaintiff filed. In one of the motions, plaintiff requested leave, pursuant to Fed. R. Civ. P. 15, "to amend 'Plaintiff's Response to Defendant Washington Mutual's Motion to Dismiss,' . . . and retract Plaintiff's former statement, [that] he will no longer pursue state claims." *Id.*, Doc. 40 at 1. In support of the motion, plaintiff argued that he had erroneously concluded at the time he responded to defendants' motions to dismiss that the state claims were time-barred under Utah law. Specifically, plaintiff claimed that he had "just found out Utah Code § 78-12-40 provides for commencement of new action within one-year upon failure of a suit; for which Plaintiff's former suit is still active, thus Plaintiff's claims are not time barred." R., Vol. II, Doc. 40 at 1. The district court rejected plaintiff's argument, concluding that "[b]ecause the plaintiff's former case has been closed for more than a year, and because it failed on the merits, . . . Utah Code Annotated § 78-12-40 does not apply." *Id.*, Doc. 47

at 2. The court therefore denied plaintiff's motion to amend his response to Washington Mutual's motion to dismiss.[1] *Id.*

Plaintiff's second motion was entitled "Motion for a Comprehensive Review," *id.*, Doc. 38, and the district court treated the motion as a second motion for reconsideration, *id.*, Doc. 47 at 2. In support of the motion, plaintiff advanced three arguments. First, plaintiff argued that the district court failed to address his position that a bankruptcy court order is a quasi-contract. Second, plaintiff argued that the district court erred by failing to allow him to conduct discovery with regard to the "pattern" element of his RICO claim. Third, plaintiff argued that the district court's ruling on the pattern issue was not in accordance with other circuit court rulings. The district court rejected each of these arguments, concluding: (1) that it was "not aware of any decisions holding that failure to adhere to a bankruptcy reorganization plan constitutes breach of contract," *id.* at 3; (2) that plaintiff was not entitled to conduct discovery on the pattern issue because he had failed to plead specific facts showing that other individuals

---

[1] Because we conclude that the district court acted properly when it initially dismissed plaintiff's state claims based on plaintiff's express representation to the court that he was no longer pursuing the claims, we do not need to address defendants' argument that the district court did not have subject matter jurisdiction over the claims because there was a lack of complete diversity of citizenship between the parties and an insufficient amount in controversy. Simply put, plaintiff abandoned the state claims, and the district court did not err in refusing to reinstate the claims after plaintiff failed to show that the claims had any merit under state law.

had been injured by defendants' alleged racketeering activity, *id.*; and (3) that plaintiff had failed to present any newly discovered evidence or show any manifest error of law with regard to the court's ruling on the pattern issue, *id.* at 4.

As required when addressing appeals from Rule 12(b)(1) and 12(b)(6) dismissals, we have reviewed the district court's dismissal order de novo. *See Ordinance 59 Ass'n v. United States Dep't of the Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). By contrast, we have reviewed the court's denial of plaintiff's Rule 59(e) motion for an abuse of discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). We have also reviewed the district court's additional postjudgment rulings for an abuse of discretion.[2] We conclude that the district court did not commit reversible error in dismissing plaintiff's complaint and in denying the requested postjudgment relief, and we affirm the district court for substantially the same reasons stated in its three orders.

We also reject plaintiff's argument that he alleged sufficient facts to establish a pattern of racketeering activity because he alleged that defendants engaged in multiple predicate racketeering acts over a period of several years. In this circuit, it is well established that a single scheme to accomplish one discrete

---

[2] Because plaintiff is proceeding pro se, we have also reviewed his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing racketeering activity. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1556 (10th Cir. 1992); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1273-74 (10th Cir. 1989). We see no circumstances here that require a departure from this general rule. Instead, as the district court found, plaintiff "alleges only a single transaction, a single harm and a single victim–himself." R., Vol. II, Doc. 22 at 2-3. Moreover, while plaintiff attempted to plead a larger racketeering enterprise extending beyond his own circumstances, we agree with the district court that his allegations are wholly conclusory, and therefore insufficient to show a threat of continuing racketeering activity beyond his own alleged injuries. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

The district court's dismissal and postjudgment orders are AFFIRMED. We also AFFIRM the judgment that the district court entered awarding defendant Lundberg & Associates attorneys' fees in the amount of $3,202.50 under Utah Code Annotated § 76-10-1605(8). Although this appeal borders on being frivolous and we have considered sanctioning plaintiff for pursuing meritless

claims, we DENY Lundberg & Associates' motion for an award of damages and costs under Fed. R. App. P. 38.  Finally, we DENY the request for appointment of counsel that is set forth at the end of plaintiff's opening brief.

Entered for the Court


Bobby R. Baldock
Circuit Judge
