**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ZACHARY KRISTON,

　　　　Plaintiff-Appellant,

v.

TONY PEROULIS; HARRY
PEROULIS; DEL TURNER;
HUTCHISON & STEFFEN LLC; E.
ROBERT SPEAR; HARRAHS
ENTERTAINMENT INC.; MICHAEL
ACCARDI; SANDRA RATANA;
DARYLL ROSENBLATT,

　　　　Defendants-Appellees.

No. 11-1500
(D.C. No. 1:09-CV-00909-MSK-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

Zachary Kriston brought suit under the Racketeer Influenced and Corrupt

Organizations Act ("RICO") against multiple defendants in district court. The court

dismissed the claims against some of the defendants because they were unasserted

---

[*]　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

compulsory counterclaims in an earlier action between the same parties. The claims against the other defendants relevant to this appeal were dismissed after the court adopted the magistrate judge's report and recommendation that Kriston failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Kriston now appeals those rulings. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

I. BACKGROUND

In 2007, a federal district court in Nevada entered judgment against Kriston for $4,900,000 on claims of embezzlement, breach of contract, and other charges surrounding loans to Kriston that went awry. Kriston then brought this lawsuit in the District of Colorado against many of the same parties involved in the 2007 action, arguing that the terms of the loans made to him were usurious and unreasonable, and that the defendants conspired to harass him in the unlawful collection of the debt. The district court dismissed the lawsuit against the parties involved in the 2007 action on the grounds that Kriston's claims arose out of the same loan agreement that was the subject of that action and, pursuant to Federal Rule of Civil Procedure 13(a), Kriston was required to bring them as compulsory counterclaims at that time. The court thus concluded that res judicata barred the current lawsuit. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

As to the other defendants not involved in the 2007 lawsuit, the district court agreed with the magistrate judge's recommendation that Kriston failed to sufficiently allege they were part of an "enterprise" or part of a "pattern," two required elements of a civil RICO claim. *See Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (to state a civil RICO claim, a plaintiff must demonstrate (i) conduct (ii) of an enterprise (iii) through a pattern (iv) of racketeering activity). Kriston then brought this appeal.

II. DISCUSSION

We review the district court's dismissals under both Rule 12(b)(6) and principles of res judicata de novo. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (dismissal under Rule 12(b)(6) reviewed de novo); *Plotner v. AT & T Corp.,* 224 F.3d 1161, 1168 (10th Cir. 2000) (dismissal on the basis of res judicata reviewed de novo). Regarding the district court's res judicata decision, Kriston does not dispute on appeal that his claims were compulsory counterclaims. Rather, he raises a number of meritless challenges to the district court's decision based on allegations of fraud on—and by—the courts in both the 2007 proceeding and the current one. Liberally construing Kriston's pro se filings, *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998), his arguments are nevertheless composed entirely of bald accusations of fraudulent conduct and hollow recitations of law. They are utterly lacking in support by evidence in the record. Accordingly, we

conclude that the district court did not err when it found that Kriston's claims were compulsory counterclaims in the 2007 lawsuit and were thus barred by res judicata.[1]

With respect to the district court's dismissal of Kriston's complaint for failure to state a claim against the other defendants, Kriston does not provide any support for his contention that the district court erred. Instead, he merely recites case law as it pertains to RICO claims while making no corresponding argument. We will not "assume the role of advocate" and make Kriston's arguments for him. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (internal quotation marks omitted). We therefore find no occasion to question the propriety of the district court's decision.

The judgment of the district court is AFFIRMED. Appellant's request for judicial notice is GRANTED.

Entered for the Court

David M. Ebel
Circuit Judge

---

[1] We also note that Kriston filed an identical lawsuit in the District of Nevada in 2009 making the same claims against the same defendants as in this case. The court in the District of Nevada came to essentially the same conclusion as the district court here, and was affirmed by the Ninth Circuit.