FILED
United States Court of Appeals
Tenth Circuit

April 6, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ARTHUR MCKEE WISEHART,

    Plaintiff - Appellant,

v.

ARTHUR DODSON WISEHART;
WISEHART SPRINGS INN; CHARLES
WINSTON WISEHART,

    Defendants - Appellees.

No. 20-1198
(D.C. No. 1:18-CV-00021-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

Arthur McKee Wisehart (AMW), pro se,[1] appeals the district court's order

denying his motion for summary judgment and its order granting summary judgment

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe arguments by pro se parties liberally and recognize that they should be held to a less stringent standard than arguments drafted by an attorney. _See, e.g._, _Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991). AMW, however, alleged that he "is a 1954 graduate of the University of Michigan Law School, where he was an Assistant Editor of the Michigan Law Review [and] a member of the Order of the Coif." R., Vol. 1 at 972. When an attorney chooses to represent himself, we

for Arthur Dodson Wisehart (ADW), Charles Winston Wisehart (Winston), and Wisehart Springs Inn (the Inn). AMW also appeals the denial of his motion to disqualify defendants' counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

In 2015, AMW filed suit in the United States District Court for the District of New Jersey naming as defendants two of his sons, ADW and Winston, and the Inn, a bed and breakfast operated by ADW and his wife. AMW's pro se complaint alleged that defendants were engaged in a racketeering enterprise to misappropriate property that belonged to him and/or his wife, Carol C. Lipin (Lipin), including four parcels in Delta County, Colorado (the Property). The Inn is located on the Property.

AMW filed an amended complaint in November 2016—the operative pleading in this case. The amended complaint, which was again based on AMW's alleged ownership of the Property and defendants' scheme to misappropriate it, contained three claims for relief—two claims for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and one claim for unjust enrichment.

---

do not extend the same liberal construction to his arguments. *See, e.g.*, *Comm. on the Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007). But we need not decide whether to apply a liberal or standard construction because our conclusion would be the same under either construction.

2

## A. The Amended Complaint

The Property is an asset of the Dorothy R. Wisehart Trust (the Trust), which was created in 1987 by AMW's mother and named Dorothy and AMW as co-trustees; AMW's wife, Elizabeth, and their four children, including ADW, were the income beneficiaries. When Dorothy died in 1993, AMW became sole trustee. The Trust agreement provided for the removal of any trustee and the appointment of a successor trustee "by written request of not less than three-fourths of the current income beneficiaries of the Trust." R., Vol. 1 at 1190. In January 2010, four of the five income beneficiaries—Elizabeth and three of AMW's four children—executed a document that removed AMW as sole trustee and appointed AMW and ADW as co-trustees (Appointment of Co-Trustee). *See id.* at 1190-95. AMW, as contingent beneficiary, approved ADW's appointment as co-trustee. *See id.* at 1191.

Following Elizabeth's death in 2013, AMW married Lipin in March 2015. According to AMW, "on or about May 12, 2015," he "terminated" the Trust and recorded four warranty deeds "transferring" the Property to himself, *id.* at 986, and then "on or about January 2, 2016," he conveyed the Property by quit-claim deeds to Lipin, *id.* at 964. AMW alleged that when ADW learned the Trust had been terminated and Lipin owned the Property, ADW, Winston, and others, including their attorneys, launched a "conspiratorial racketeering enterprise" based on fraudulent concealment and fraud and deceit to regain ownership of the Property for the Trust, *id.* at 975, which included two state-court suits to prevent AMW from conveying the Property and other Trust assets to himself. According to AMW, the Appointment of

3

Co-Trustee was a "fabricated[] and false document . . . manufactured by [ADW and Winston]," *id.* at 986, and even if it was not a fake, he was "fraudulently induced" to sign the Appointment when he "was in his early eighties, and suffering medically from a threatening hernia," *id.* at 997.

In January 2018, AMW's suit was transferred to the United States District Court for the District of Colorado.

## B. The Lipin Suit

In the meantime, Lipin was actively engaged in litigation involving the Property. In 2016, she filed a trespass suit against ADW, his sister, Ellen Wisehart, and their spouses, in the United States District Court for the District of Colorado (the Lipin suit). On February 12, 2018, the district court entered summary judgment for defendants in an order that found (1) AMW and ADW were co-trustees of the Trust pursuant to the Appointment of Co-Trustee, (2) AMW had no right as a co-trustee to convey the Property to himself individually, and (3) AMW held no interest in the Property when he quit-claimed his interest to Lipin. Lipin appealed.

## C. Summary Judgment

In August 2018, while Lipin's appeal was pending, AMW moved for summary judgment. In a November 2018 order, the district court noted that ownership of the Property was the subject of the order entered in Lipin's suit on February 12, 2018, and was currently on appeal. "Given the potential impact of such appeal in this case," the court directed "the parties [to] show cause . . . why this case should not be administratively closed until the Tenth Circuit issues its ruling." *Id.*, Vol. 3 at 43.

4

But before the district court decided whether to close the case, this court issued its decision in Lipin's appeal, which "affirm[ed] the district court's determination that the Trust owns the Property." *Lipin v. Wisehart*, 760 F. App'x 626, 635 (10th Cir. 2019) (per curiam).[2]

On March 5, 2019, the district court denied AMW's motion for summary judgment. The court began its analysis by noting that although AMW sought judgment on both his RICO and unjust enrichment claims, "the Motion is devoid of any mention or support for the claim based on unjust enrichment." R., Vol. 3 at 674. It then turned to the RICO claims, which were "based on the predicate offenses of 'fraudulent concealment' and 'fraud and deceit.'" *Id.* at 673.

The district court explained that to prevail on a RICO claim, among other things, "a plaintiff must prove by a preponderance of the evidence at least two predicate acts of racketeering activity . . ., [which] includes a variety of federal and state criminal offenses [listed in 18 U.S.C. § 1961(1)]." *Id.* at 675 (brackets and internal quotation marks omitted). The court found that AMW was not entitled to summary judgment because he "identifies no specific predicate offense that constitutes racketeering and he fails to provide evidence of specific conduct that might fit within the scope of a predicate offense. Instead, he alleges in conclusory

_____

[2] In March 2019, Lipin filed a second pro se suit concerning the Property. The district court dismissed the case on the grounds of issue preclusion, and we affirmed. *See Lipin v. Wisehart Springs Inn, Inc.*, No. 20-1007, 2021 WL 140767, at *3 (10th Cir. Jan. 15, 2021).

form that the Defendants engaged in 'fraudulent concealment' and 'fraud and deceit[,]'" neither of which are listed as predicate offenses in § 1961(1). *Id.* at 675-76.

At the same time, the district court noted Federal Rule of Civil Procedure 56(f)(3), which provides that after giving notice and an opportunity to respond, "the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The court invoked Rule 56(f)(3) and informed AMW that judgment would enter against him unless he "come[s] forward with evidence sufficient to establish a *prima facie* case for [his RICO] claims." R., Vol. 3 at 677.

AMW filed a response; however, the district court found it was deficient because it failed to identify any cognizable predicate offenses or evidence of conduct that might fit within the scope of an enumerated offense. In particular, the court noted that AMW relied on "a listing of 16 docket numbers" that did not contain any evidence relevant "to the issues raised by the Court in its March 5 Order." *Id.* at 953 n.1. Therefore, the court granted summary judgment to defendants.

AMW appeals the orders that denied (1) his motion for summary judgment and granted summary judgment to defendants and (2) his motion to disqualify defendants' counsel.

## II. STANDARD OF REVIEW

"We review summary judgment decisions de novo, applying the same legal standard as the district court." *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019)

(internal quotation marks omitted). Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." And under Rule 56(f)(3), "[a]fter . . . notice and . . . time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute."

A party's positions concerning material facts are established by citation to "particular parts of materials in the record." *May*, 929 F.3d at 1234 (internal quotation marks omitted). "Once the moving party has identified a lack of a genuine issue of material fact, the nonmoving party has the burden to cite to specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

"We review a district court's decision on a motion to disqualify counsel for abuse of discretion." *Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005). "A district court abuses its discretion if its decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

## III.  DISCUSSION

### A.  Motion to Disqualify Counsel

In August 2018, AMW filed a renewed motion to disqualify defendants' counsel on the grounds that the attorney (1) was engaged in unethical conduct, (2) had aided and abetted defendants' fraud through various court filings, (3) had a conflict of interest, and (4) was a necessary witness at trial.  The magistrate judge denied the motion in an order dated October 16, 2018.  *See* R., Vol. 2 at 1015-24.

The magistrate judge found that "[a]s the moving party, [AMW] has the burden of establishing the grounds for disqualification," and noted that "courts have historically been highly cynical of motions to disqualify opposing counsel, [because] such motions are often dilatory or tactical devices."  *Id.* at 1018 (internal quotation marks omitted).  The court then carefully examined each of AMW's claims and found there was no evidence to support them; "[r]ather, it appears that [defendants' counsel] simply takes positions contrary to [AMW's] position and presents the facts in a light favorable to [his clients], which does not constitute grounds for disqualification."  *Id*. at 1022.  It also found that the issue of whether counsel was a necessary witness was premature.

In a rambling argument, AMW cites a sprinkling of cases and rules that have no relevance to whether the decision to deny his motion to disqualify was an abuse of discretion.  AMW's failure to adequately brief the issue means that we will not consider it on appeal.  *See Holmes v. Colo. Coal. for the Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (declining to consider

8

arguments on appeal that were inadequately briefed); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (declining to consider "a few scattered statements" and "perfunctory" arguments that failed to develop an issue).

## B. The RICO Claims

To prove a RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (internal quotation marks omitted). Racketeering activity is "any act in violation of specified state and federal crimes." *Resol. Tr. Corp. v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993). The specified crimes are found at 18 U.S.C. § 1961(1). In turn, "[a] pattern requires at least two predicate acts." *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (internal quotation marks omitted).

On appeal, AMW fails to discuss the elements of a RICO claim, including the requirement of at least two predicate acts of racketeering activity; instead, he ignores these requirements and continues to insist that "the Judgment . . . is required to be reversed and vacated because it was procured by fraud." Aplt. Opening Br. at 40. This argument ignores the law and the grounds on which the district court resolved summary judgment—that neither "fraudulent concealment" nor "fraud and deceit" are among the predicate offenses listed in § 1961, and that AMW failed to come forward with evidence of any other conduct that might fit within the scope of a cognizable predicate offense. Once again, AMW's failure to adequately brief the issue means that we will not consider it on appeal. *See Holmes*, 762 F.3d at 1199; *Murrell*, 43 F.3d at 1389 n.2.

## IV.  CONCLUSION

The judgment of the district court is affirmed.  We deny the parties' respective motions to take judicial notice.

Entered for the Court


Joel M. Carson III
Circuit Judge