**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROSEMARY ANN LYNN,

     Plaintiff - Appellant,

v.

ANDREW GEORGE BROWN, III,

     Defendant - Appellee.

_____

ROSEMARY ANN LYNN,

     Plaintiff - Appellant,

v.

ANDREW GEORGE BROWN, III, an
individual; MARY JEAN BAGWELL-
HENDERSHOTT, an individual; SUSAN
BOYD, an individual; MELISSA
TAYLOR, an individual; EMILY
CRAIN, an individual; THEODORE
RIESLING, an individual a/k/a Ted;
RANDALL ALLEN GILL, an individual;
ROBYN OWENS, an individual;
KIMBERLY BIEDLER SCHUTZ, an
individual; REBECCA WOOD-
HUNTER, an individual; PHILLIP
FEIST, an individual a/k/a Phil; JON
BRIGHTMIER, an individual;
MICHAEL LINSCOTT, an individual;
NANCY DALE, an individual; RANDY
WHITWORTH, an individual; CLARK
WILLIAMS, an individual; HELEN
HOLMES-LATIMER, an individual;
TERRY HORWATH BITTING, an

No. 19-5062
(D.C. No. 4:19-CV-00331-CVE-JFJ)
(N.D. Okla.)

No. 19-5063
(D.C. No. 4:19-CV-00332-CVE-JFJ)
(N.D. Okla.)

individual; FAUST BIANCO, JR., an individual; TERESE HALL, an individual; JAMES CAMPBELL, an individual; AMY REA, an individual; MATTHEW BROWN, an individual; SIOK MCKAY, an individual; SAINT FRANCIS EMPLOYEE FEDERAL CREDIT UNION, a member-owned Financial Cooperative and Financial Banking Association, licensed and doing business in Oklahoma; EDWARD JONES, a National Investment, Banking, and Financial Association providing Wealth Management, Brokerage, Corporation, authorized to conduct business in Oklahoma; CHARLES SCHWAB, a National Banking Association, providing Banking, Wealth Managment, Investments, banking, and a Financial Association, authorized to conduct financial and banking services in Oklahoma; US TRUST BANK OF AMERICA, a Wealth Managment, Financial Services Association Operating as US Trust, however owned by Bank of America, a National Banking Association authorized to conduct and operate in Oklahoma; PURVIEW LIFE TULSA, a/k/a Select Care Managment; JOHN DOES, sued as John Does 1-100; JANE DOES, sued as Jane Does 1-100; DOE ENTITIES, sued as Doe Entities 1-100, inclusive,

        Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding

_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Rosemary Ann Lynn, appearing pro se, appeals from the district court's orders dismissing her complaint against Defendant Andrew George Brown, III (No. 19-5062) and a second complaint against Mr. Brown and a host of other defendants (No. 19-5063) for lack of subject-matter jurisdiction.[1] She has also moved for expedited consideration of her appeal in No. 19-5063. Exercising appellate jurisdiction under 28 U.S.C. § 1291, we affirm both of the district court's orders and deny her motion to expedite as moot.

## BACKGROUND

Ms. Lynn filed the complaints underlying her appeals in the U.S. District Court for the Northern District of Oklahoma. Though her allegations in these related cases are difficult to follow in many respects, together they appear to allege that Ms. Lynn provided services to Mr. Brown's elderly sister, Audrey Louise Brown (Audrey), from 2008 through 2017. She claims that in September 2017, Audrey executed documents that appointed Ms. Lynn as Audrey's "guardian, caregiver, trustee, beneficiary, devisee, legatee, and personal representative of the Audrey

precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We address these appeals in a single order because the facts alleged by Ms. Lynn in the two complaints overlap, as do some of the relevant legal standards.

3

Louise Brown Estate," No. 19-5063 R. at 14, and gave her full control over Audrey's considerable estate.[2] Mr. Brown then apparently instituted proceedings in Tulsa County Probate Court that resulted in Audrey being declared incompetent and removed from Ms. Lynn's care. Ms. Lynn complains that the probate court also removed her as Audrey's guardian and appointed a guardian ad litem and other temporary and then permanent guardians for Audrey, as well as a conservator to administer Audrey's property and assets. It also appears from Ms. Lynn's allegations that the probate court invalidated the documents that purportedly gave her control over Audrey and her assets and made her the beneficiary of Audrey's estate. Both complaints also include other rambling and conclusory allegations about actions taken by different individuals and entities with respect to Audrey and/or her estate.

Against this backdrop, Ms. Lynn's first complaint asserts claims for defamation and intentional infliction of emotional distress against Mr. Brown, based on allegedly false statements he made about her in legal documents filed in the guardianship proceedings. We refer to this action hereinafter as the "Defamation Complaint." Ms. Lynn did not assert a basis for federal jurisdiction in this complaint, but specifically alleged in it that both she and Mr. Brown were citizens of Oklahoma. After sua sponte considering the issue, the district court dismissed the complaint without prejudice for lack of subject-matter jurisdiction, holding there was no basis for it to exercise diversity jurisdiction over her state law claims and no federal

---

[2] Ms. Lynn asserts in her appellate brief that the estate contains "hundreds of millions of dollars." No. 19-5063 Aplt. Br. at 6.

4

question presented on the face of the complaint. Ms. Lynn timely appealed the district court's order of dismissal in Appeal No. 19-5062.

In her second complaint, Ms. Lynn sued Mr. Brown, the probate judge who presided in the guardianship proceedings, the court-appointed guardians and conservator, numerous attorneys, other named individuals and financial institutions, and 200 unknown individuals and entities. Her complaint references the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and we refer to this complaint hereinafter as the "RICO Complaint." Ms. Lynn asserted in this complaint that the court had both diversity and federal-question jurisdiction. Again acting sua sponte, the district court dismissed it without prejudice for lack of subject-matter jurisdiction. In so doing, the district court held diversity jurisdiction was lacking because there was not complete diversity among the parties, most of whom Ms. Lynn alleged were citizens of Oklahoma. It also found there was no basis on which to exercise federal-question jurisdiction because Ms. Lynn had fallen far short of stating a RICO claim. Ms. Lynn timely appealed the district court's order of dismissal, and that appeal is before us as No. 19-5063.

## DISCUSSION

We review the district court's dismissal of Ms. Lynn's complaints for lack of subject matter jurisdiction de novo. *Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278, 1283 (10th Cir. 2019). Federal courts are courts of limited jurisdiction, and Ms. Lynn, as the party seeking to invoke federal jurisdiction, had the burden of establishing the court's jurisdiction over each of her complaints. *See Becker v. Ute*

5

*Indian Tribe of Uintah & Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014). As relevant here, this required her to establish either diversity jurisdiction as provided by 28 U.S.C. § 1332 or federal-question jurisdiction under 28 U.S.C. § 1331. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (describing federal courts' limited jurisdiction). In determining whether Ms. Lynn met this burden, we take as true all "well-pled factual allegations," *Blue Valley Hosp.*, 919 F.3d at 1283, that is, all allegations that are "plausible, non-conclusory, and non-speculative," *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (defining "well-pled" allegations). Because Ms. Lynn is acting pro se in these actions, we also construe her filings liberally, but we do not act as her advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

**A. Defamation Complaint**

Most of Ms. Lynn's arguments in her brief to this court are irrelevant to the jurisdictional question decided by the district court.[3] To the extent Ms. Lynn addresses the court's jurisdiction in her brief, she merely declares that federal-question jurisdiction exists because her admittedly state-law defamation claim "echoed in federal law under the First Amendment." No. 19-5062 Aplt. Br. at 13. She cites no authority supporting this novel proposition and there is none. Her suggestion that the district court had some ulterior motive in sua sponte dismissing

---

[3] Ms. Lynn devotes the majority of her brief to arguing the merits of her defamation claim, asserting that she properly pled this state-law claim, and accusing Mr. Brown and others of various misdeeds.

6

her complaint is also unsupported and ignores that "[f]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[4] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted). "[T]hus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation," *id.* (internal quotation marks omitted), and "*must* dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking," *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (emphasis added) (internal quotation marks omitted). We have reviewed Ms. Lynn's complaint in this action and agree that her allegations fail to establish any basis for federal jurisdiction. The district court therefore properly dismissed her complaint for lack of subject matter jurisdiction.

**B. RICO Complaint**

The question presented in this appeal is whether the district court properly held that Ms. Lynn failed to allege a claim arising under federal law despite referencing the RICO Act in her complaint.[5] While claims asserted under the RICO Act

---

[4] Ms. Lynn's references to the district court judge as a "Respondent" in the caption of her briefs in both appeals and in her argument are also mistaken. The district court judge is not a party to either appeal or the underlying actions. We also find no support in the record for Ms. Lynn's suggestion that the district court's dismissal of her complaints was motivated by bias.

[5] Ms. Lynn's arguments regarding personal jurisdiction, service of process, venue, and other unrelated topics in her appellate brief are irrelevant to deciding this question.

7

ordinarily qualify for federal-question jurisdiction, "jurisdiction under § 1331 exists only where there is a colorable claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir*., 761 F.3d 1149, 1156 (10th Cir. 2014) (internal quotation marks omitted). "[A] court may dismiss for lack of subject-matter jurisdiction when the [purported federal] claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id*. at 1156-57 (internal quotation marks omitted). The district court held that this was the case here, and we agree.

A civil RICO claim may be brought by "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C.] section 1962." 18 U.S.C. § 1964(c). Ms. Lynn alleges in her complaint that the defendants violated the entire RICO statute, but as best we can determine she is attempting to allege that each of them violated § 1962(c).[6] To state a civil RICO claim for violation of § 1962(c), Ms. Lynn was required to "plausibly allege that the defendants each (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Safe Streets*

---

[6] This conclusion is consistent with Ms. Lynn's argument in support of her motion for a temporary restraining order in the district court, in which she asserted that the defendants had violated § 1962(c). In her appellate brief, however, Ms. Lynn declares that her complaint also alleges that her business or property were injured as a result of violations of § 1962(a) (prohibiting investment of income derived from a pattern of racketeering activity in an enterprise engaged in interstate or foreign commerce), § 1962(b) (prohibiting acquisition or maintenance through a pattern of racketeering activity of an interest in or control of an enterprise engaged in interstate or foreign commerce), and § 1962(d) (prohibiting conspiracy to violate § 1962(a)-(c)). But Ms. Lynn does not point to any allegations supporting this assertion and we found none in our careful review of her complaint.

*All. v. Hickenlooper*, 859 F.3d 865, 882 (10th Cir. 2017) (internal quotation marks omitted).  Ms. Lynn's complaint does not state a colorable RICO claim against any of the defendants for a variety of reasons, only some of which we address here.

First, Ms. Lynn's attempt to allege a RICO enterprise is completely devoid of merit.  As the district court noted, Ms. Lynn's rambling complaint alleges that different defendants mistreated Audrey and/or her estate in different ways.  Ms. Lynn tries to cast this alleged mistreatment in RICO terms by alleging that the named and unnamed defendants "were working as a single entity and enterprise to commit extrinsic fraud, intrinsic fraud, extortion, kidnapping, undue influence, perjury, forgery, mail, and wire fraud through communications."  No. 19-5063 R. at 12.  But this apparent attempt to allege an "association-in-fact" RICO enterprise[7] fails not only because it is conclusory, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"), but also because Ms. Lynn's complaint does not connect the defendants' different conduct to the alleged enterprise or provide a plausible basis for finding that the defendants were and are functioning as a continuing unit, *see Boyle v. United States*, 556 U.S. 938, 944-45 (2009) (defining an association-in-fact RICO enterprise as a

---

[7] RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Because the collection of defendants named by Ms. Lynn is not a legal entity, the only potential RICO enterprise that might be applicable here is the last portion of this definition, regarding association-in-fact enterprises.

"group of persons associated together for a common purpose of engaging in a course of conduct," which is demonstrated "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit" (internal quotation marks omitted)).

Ms. Lynn's complaint similarly falls far short of plausibly alleging "racketeering activity" by the defendants. Only some of the wrongful conduct listed by Ms. Lynn—namely mail and wire fraud, extortion, and kidnapping—qualify as "racketeering activity" that might support a RICO claim. *See* 18 U.S.C. § 1961(1); *see also Beck v. Prupis*, 529 U.S. 494, 497 n.2 (2000) ("Section 1961(1) contains an exhaustive list of acts of 'racketeering,' commonly referred to as 'predicate acts.'"). And Ms. Lynn was required to do more than just list these alleged predicate acts to state a RICO claim—she needed to plead the elements of each predicate act, and to do so with particularity with respect to those sounding in fraud. *See Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002); *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992). Ms. Lynn did not come close to doing so.[8]

For example, to plead the predicate acts of mail and wire fraud, Ms. Lynn needed to "plausibly allege the existence of a scheme or artifice to defraud or obtain

---

[8] In her appellate brief, Ms. Lynn complains of additional alleged wrong-doing by defendants that occurred after the district court dismissed her complaint. We do not consider these additional allegations in assessing whether she stated a colorable RICO claim because these new allegations were not included in her complaint or otherwise presented to the district court. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision").

money or property by false pretenses, representations or promises, and that [the alleged enterprise] communicated, or caused communications to occur, through the U.S. mail or interstate wires to execute that fraudulent scheme." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (internal quotation marks omitted). "And because Fed. R. Civ. P. 9(b) requires a plaintiff to plead mail and wire fraud with particularity," she was further required to plead "the time, place and contents of the false representation[s], the identity of the party making the false statements and the consequences thereof" as relevant to the alleged mail and wire fraud. *Id.* (internal quotation marks omitted). Ms. Lynn's complaint is devoid of allegations meeting this standard. In addition, to the extent Ms. Lynn pled any of the elements of kidnapping or extortion in her complaint, she offered only "labels and conclusions" and "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and alterations omitted). Such allegations are insufficient even under the more relaxed pleading standard of Fed. R. Civ. P. 8. *See id.*

Accordingly, we agree with the district court that Ms. Lynn failed to state a colorable RICO claim, and that the district court therefore lacked federal-question jurisdiction over her purported RICO Complaint. As it is also indisputable that diversity jurisdiction was lacking, the district court properly dismissed this complaint for lack of subject matter jurisdiction.[9]

---

[9] Contrary to Ms. Lynn's argument here, the district court was not required to allow her discovery to cure these deficiencies.

11

**CONCLUSION**

We affirm the district court's dismissal of Ms. Lynn's complaints.  We also deny Ms. Lynn's motion for expedited consideration in No. 19-5063 as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge